# EXHIBIT A

STATE OF ARIZONA
DEPT. OF INSURANCE

OCT 31 2017

TIME_____12:40pm

SERVICE OF PROCESS

1  Brett L. Slavicek (No. 019306)
2  James E. Fucetola (No. 029332)
   Trevor R. Orme (No. 032261)
3  **THE SLAVICEK LAW FIRM**
   5500 N. 24ᵗʰ Street
4  Phoenix, Arizona 85016
5  Telephone: (602) 285-4425
   Telephone: (602) 285-4424
6  Fax: (602) 287-9184
7  Email: brett@slaviceklaw.com
           james@slaviceklaw.com
8          trevor@slaviceklaw.com
9  Attorneys for Plaintiff

10           IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

11             IN AND FOR THE COUNTY OF MARICOPA

12                                          CV 2017-014262

13 TYLER JACOBSON, an individual,      | Case No.:

14            Plaintiff,

15 vs.                                  | **SUMMONS**

16 AMERICAN FAMILY INSURANCE
   COMPANY, a foreign corporation;  XYZ
17 Corporations I-X; ABC Partnerships I-X,

18
            Defendants.
19                                          If you would like legal advice from a lawyer,
                                            Contact the Lawyer Referral Service at
20 **THE STATE OF ARIZONA TO DEFENDANT:**      602-257-4434
                                                   or
21                                          www.maricopalawyers.org
       **American Family Insurance Company**   Sponsored by the
22     c/o Director of Arizona Department of Insurance   Maricopa County Bar Association
       2910 N. 44ᵗʰ Street, Suite 210
23     Phoenix, Arizona  85018

24
25     **YOU ARE HEREBY SUMMONED** and required to appear and defend, within

26 the time applicable, in this action in this Court.  If served within Arizona, you shall appear

27 and defend within twenty (20) days after the service of the Summons and Complaint upon

28
                                        1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

you, exclusive of the day of service. If served out of the State of Arizona -- whether by direct service, by registered or certified mail, or by publication -- you shall appear and defend within thirty (30) days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service.  Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of forty (40) days after date of such service upon the Director.  Service by registered or certified mail without the State of Arizona is complete thirty (30) days after the date of filing the receipt and affidavit of service with the Court.  Service by publication is complete thirty (30) days after the date of first publication.  Direct service is complete when made.  Service upon the Arizona Motor Vehicle Superintendent is complete thirty (30) days after filing the Affidavit of Compliance and return receipt or Officer's Return. RCP 4; A.R.S. §§ 20-222, 28-502, 28-503.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the plaintiff's attorney.  RCP 10(d); A.R.S. §12-311; RCP 5. Requests for reasonable accommodation for persons with disabilities must be made to the



COPY



OCT 8 0 2017

MICHAEL K. JEANES, CLERK
A. MOLOONE
DEPUTY CLERK

1 Brett L. Slavicek (No. 019306)
2 James E. Fucetola (No. 029332)
Trevor R. Orme (No. 032261)
3 **THE SLAVICEK LAW FIRM**
4 5500 N. 24th Street
Phoenix, Arizona 85016
5 Telephone: (602) 285-4425
Telephone: (602) 285-4424
6 Fax: (602) 287-9184
7 Email: brett@slaviceklaw.com
       james@slaviceklaw.com
8       trevor@slaviceklaw.com
9 Attorneys for Plaintiff

10 **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

11 **IN AND FOR THE COUNTY OF MARICOPA**

12

| | |
|---|---|
| 13 TYLER JACOBSON, an individual, | Case No.:   CV 2017-014262 |
| 14            Plaintiff, | |
| 15 vs. | **COMPLAINT** |
| 16 AMERICAN FAMILY INSURANCE | |
| 17 COMPANY, a foreign corporation;  XYZ Corporations I-X; ABC Partnerships I-X, | (Breach of Contract & Bad Faith) |
| 18 | |
| 19            Defendants. | |

20    Plaintiff alleges:

21    1.    Plaintiff is a resident of Maricopa County, State of Arizona.

22
23    2.    Defendant American Family Insurance ("American Family") is a foreign
24 corporation, duly licensed to sell and administer insurance in the State of Arizona.

25    3.    XYZ Corporations I-X; ABC Partnerships I-X are partnerships,
26 corporations or unincorporated associations subject to suit in a common name whose
27
28 names are unknown and who are, therefore, designated by fictitious names pursuant to

1



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 17352595**
**Date Processed: 11/03/2017**

**Primary Contact:**    Legal Department
American Family Mutual Insurance
6000 American Pkwy
Madison, WI 53783

| | |
|---|---|
| **Entity:** | American Family Insurance Company<br>Entity ID Number  3184641 |
| **Entity Served:** | American Family Insurance Company |
| **Title of Action:** | Tyler Jacobson vs. American Family Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Maricopa County Superior Court, Arizona |
| **Case/Reference No:** | CV2017-014262 |
| **Jurisdiction Served:** | Arizona |
| **Date Served on CSC:** | 11/02/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Brett L. Slavicek<br>602-285-4425 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Brett L. Slavicek (No. 019306)
James E. Fucetola (No. 029332)
Trevor R. Orme (No. 032261)
**THE SLAVICEK LAW FIRM**
5500 N. 24th Street
Phoenix, Arizona 85016
Telephone: (602) 285-4425
Telephone: (602) 285-4424
Fax: (602) 287-9184
Email: brett@slaviceklaw.com
        james@slaviceklaw.com
        trevor@slaviceklaw.com
Attorneys for Plaintiff





# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| TYLER JACOBSON, an individual,<br><br>          Plaintiff,<br><br>vs.<br><br>AMERICAN FAMILY INSURANCE COMPANY, a foreign corporation; XYZ Corporations I-X; ABC Partnerships I-X,<br><br>          Defendants. | Case No.: CV 2017-014262<br><br>**COMPLAINT**<br><br>(Breach of Contract & Bad Faith) |

Plaintiff alleges:

1.      Plaintiff is a resident of Maricopa County, State of Arizona.

2.      Defendant American Family Insurance ("American Family") is a foreign corporation, duly licensed to sell and administer insurance in the State of Arizona.

3.      XYZ Corporations I-X; ABC Partnerships I-X are partnerships, corporations or unincorporated associations subject to suit in a common name whose names are unknown and who are, therefore, designated by fictitious names pursuant to

1

Rule 10(f), Arizona Rules of Civil Procedure.  Each of these defendants is liable for breach of contract or responsible as a matter of law for the acts of others constituting a breach of contract.

4.    All acts alleged here arose from an occurrence within Maricopa County, State of Arizona.

5.    Plaintiff's claims are subject to the jurisdiction of the Superior Court for the State of Arizona and request compensation in the amounts above the minimum set for jurisdiction in Superior Court for the State of Arizona.

6.    This Court has subject matter jurisdiction and personal jurisdiction over all of the parties listed above.

7.    On November 14, 2016, Plaintiff was involved in a motor vehicle accident with an underinsured driver.

8.    As a direct result of the accident, Plaintiff suffered severe injuries to include bilateral wrist and arm fractures.  As well, Tyler suffered a pelvis fracture and a fracture to his right foot.

9.    As a direct result of the accident and the injuries sustained, Plaintiff incurred medical bills of over $220,000 and it is probable that medical bills will continue to be incurred by Plaintiff in the future.

10.    As a direct result of Plaintiff's injuries, Plaintiff experienced pain, limitations, disfigurement, disability, and discomfort.  It is probable that he will continue to endure such experiences in the future.

11.     At the time of the crash, Plaintiff was insured under his parent's American Family Policy No. 0375-7993-07-04-FPPA-AZ, which provided underinsured motorist benefits with per person limits of $100,000.

12.     Plaintiff settled with the adverse insurance company for his portion of the liability policy limit. This did not adequately compensate Plaintiff for his injuries, medical expenses and general damages. Subsequent to the accident, Plaintiff made a claim for the underinsured motorist coverage limits with Defendant.

13.     Defendant American Family does not dispute that Plaintiff's damage resulting from the accident exceed $175,000 ($75,000 underlying liability coverage from the at-fault driver plus $100,000 underinsured coverage from American Family).

14.     Pursuant to the contract of insurance issued by Defendant, since the claim has not settled, Plaintiff is required to file suit against Defendant for the purpose of proving that underinsured motorist coverage is to be afforded under the Policy.

15.     Relying on the definition of "Relative" contained in the Policy, American Family refused to provide Tyler underinsured motorists coverage.

16.     Specifically, Defendant's definition of "Relative" states:

> Relative means a person living in your household, related to you by blood, marriage, or adoption. This includes a ward or foster child. It excludes any person who, or whose spouse, owns a motor vehicle other than an off-road motor vehicle.

17.     At the time of the accident, Tyler was (and has always been) Kathy and William Jacobson's natural son and was residing with his parents.

3

18.   Defendant American Family admits Tyler is the son of Kathy and William Jacobson by blood and a resident of the household, but denied coverage because Tyler owned his own vehicle, a motorcycle.

19.   Kathy and William reasonably expected the definition of "relative" would be consistent with what is commonly understood as the definition of a "relative" which does not contemplate anything regarding vehicle ownership and certainly contemplates their natural born son.

20.   Kathy and William Jacobson reasonably believed that Plaintiff was an insured under the Policy as nothing in the Declarations Page suggests otherwise or mentions an exception or an exclusion regarding relatives who no longer qualify as a "relative" if he owns his own vehicle.

21.   Kathy and William Jacobson's intention and understanding of coverage provided by the underinsured motorists provisions was that any of their relatives, especially their children, including Tyler, would be covered under the Policy.

22.   Neither Defendant American Family nor any of its agents advised Kathy or William Jacobson that any exclusion existed in the Policy that would preclude a relative from underinsured coverage if Plaintiff owned his own vehicle.

23.   Of the three cars insured by the Policy, one car, a Monte Carlo, was purchased and insured by Kathy and William Jacobson including for Tyler to drive from time to time. Kathy and William reasonably expected that whether Tyler was driving the Monte Carlo or his separately purchased motorcycle, the Policy's underinsured motorists coverage would apply.

4

24.    Prior to Defendant American Family denying underinsured coverage for Tyler's injuries, the Jacobsons did not know the nature or effect of the definition of "Relative" in the terms of the Policy and, if the Jacobsons had known that there was any question regarding whether any relative living with them would no longer be considered a relative, they would have sought a different insurance policy than the Policy offered by American Family.

25.    To date, Defendant has not issued Underinsured Motorist coverage payment to Plaintiff.

## BREACH OF CONTRACT

26.    Plaintiff reasserts Paragraphs 1-25 of the Complaint as if fully reincorporated herein.

27.    Plaintiff's parents purchased an insurance policy from Defendant, under which Plaintiff was an insured, which included Underinsured Motorist coverage.

28.    Plaintiff was injured in a motor vehicle crash and suffered injuries requiring medical treatment.

29.    Plaintiff submitted medical bills and records to Defendant and demanded that Defendant issue payment to him for Underinsured Motorist coverage.

30.    Defendant's failure to make a good faith offer constitutes a breach of contract.

31.    As a direct and proximate result of the breach, Plaintiff has incurred direct and consequential damages.

32.    Such breach is material and without cause, reason or defense.

5

# BAD FAITH

33.     Plaintiff reasserts Paragraphs 1-32 of the Complaint as if fully reincorporated herein.

34.     Plaintiff has a contract of insurance with Defendant.

35.     Implicit in every contract of insurance is the duty of good faith and fair dealing.

36.     Defendant's failure to adequately investigate, failure to treat Plaintiff's claim with equal consideration, failure to make a good faith offer, failure to make reasonable efforts to alleviate the necessity of litigation and failure to pay a reasonable amount to Plaintiff is a breach of the covenant of good faith and fair dealing.

37.     Defendant failed to issue any checks within 30 days of having all the necessary information for claim adjudication, in violation of A.R.S. §20-462.

38.     Defendant still has not issued a proper check made out to Plaintiff.

39.     Defendant breached the duty and acted in bad faith by: (a) placing Defendant's interests ahead of that of their insured and intended beneficiary, Plaintiff herein; and (b) refusing to issue Underinsured Motorist coverage payment to Plaintiff.

40.     Defendant was aware that among the purposes of insurance is to provide peace of mind and emotional and financial security to persons such as Plaintiff, yet Defendant intentionally failed to make Underinsured Motorist coverage payments to Plaintiff without a reasonable basis for such action.  In so doing, Defendant intentionally and consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

41.     Defendant knew that it acted without a reasonable basis or failed to perform an investigation or evaluation adequate to determine whether its action was supported by a reasonable basis.

42.     As a direct and proximate result of Defendant's breach of contract and bad faith, Plaintiff has suffered damages of $100,000 for unpaid Underinsured Motorist coverage.

43.     As a direct and proximate result of Defendant's breach of contract and bad faith, Plaintiff has suffered financial stress, emotional distress, anxiety, worry and inconvenience.

44.     Upon information and belief, Defendant acted with a consistent pattern to undermine the security of its own insurance policies to the detriment of its insureds including Plaintiff, to the extent that it constitutes a conscious disregard of the substantial likelihood that such conduct is likely to cause injury and constitutes conduct sufficient to incur a penalty of punitive damages.

45.     Plaintiff is therefore entitled to punitive damages in an amount sufficient to stop such conduct and deter similar conduct in the future.

WHEREFORE, Plaintiff requests that judgment be entered against the Defendant as follows:

1.     For Underinsured Motorist coverage payment of $100,000 paid directly to Plaintiff;

2.     For general damages in an amount deemed a fair and reasonable sum in excess of the minimum jurisdictional limits of this court;

3.   For punitive damages in an amount deemed fair and reasonable;

4.   For attorney's fees and taxable costs pursuant to A.R.S. §12-341.01;

5.   For pre- and post-judgment interest at the statutory rate of ten percent (10%) per annum pursuant to A.R.S. § 44-1201;

6.   For interest pursuant to A.R.S. § 20-462; and

7.   For such other and further relief as the Court deems just and appropriate.


RESPECTFULLY SUBMITTED this 30 day of October, 2017.

**THE SLAVICEK LAW FIRM**

By_____
Brett L. Slavicek
James E. Fucetola
Trevor R. Orme
5500 N. 24th Street
Phoenix, Arizona  85016

8

1  Brett L. Slavicek (No. 019306)
2  James E. Fucetola (No. 029332)
   Trevor R. Orme (No. 032261)
3  **THE SLAVICEK LAW FIRM**
4  5500 N. 24ᵗʰ Street
   Phoenix, Arizona 85016
5  Telephone: (602) 285-4425
   Telephone: (602) 285-4424
6  Fax: (602) 287-9184
7  Email: brett@slaviceklaw.com
          james@slaviceklaw.com
8         trevor@slaviceklaw.com
9  Attorneys for Plaintiff

COPY
OCT 30 2017
MICHAEL K. JEANES, CLERK
A. MOORE
DEPUTY CLERK

10              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

11                **IN AND FOR THE COUNTY OF MARICOPA**

12

13  TYLER JACOBSON, an individual,        **Case No.:** CV 2017-014262

14              Plaintiff,

15  vs.                                   **CERTIFICATE OF COMPULSORY**
                                          **ARBITRATION**
16  AMERICAN FAMILY INSURANCE
    COMPANY, a foreign corporation;  XYZ
17  Corporations I-X; ABC Partnerships I-X,

18              Defendants.

19

20       The undersigned certifies that they know the dollar limits and any other limitations

21
    set forth by the local rules of practice for the applicable superior court, and further certify
22

23  that this case is not subject to compulsory arbitration, as provided by Rules 72 through 77

24  of the Arizona Rules of Civil Procedure.

25
    ....
26

27  ....

28  ....

DATED this ___ day of October, 2017.

**THE SLAVICEK LAW FIRM**

By_____

Brett L. Slavicek
James E. Fucetola
Trevor R. Orme
5500 N. 24th Street
Phoenix, Arizona 85016
Attorneys for Plaintiff

COPY of the foregoing hand delivered
this 30 day of October, 2017 to:

Arbitration Department
Maricopa County Superior Court
201 W. Jefferson
Phoenix, Arizona 85003

By_____
Christina Jaime

**In the Superior Court of the State of Arizona**
~~In and For the Superior Court~~

# CV2017-014262

(

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

**Is Interpreter Needed?** ☐ Yes ☒ No
**If yes, what language:**

MICHAEL K. JEANES, CLERK
BY A. McLaine
A. McLAINE, FILED

17 OCT 30  PM 4:44

Plaintiff's Attorney _James E. Fucetola_

Attorney Bar Number _029332_

| Plaintiff's Name(s): (List all) | Plaintiff's Address: | Phone #: | Email Address: |
|---|---|---|---|
| Tyler Jacobson | 5500 N. 24th Street Phoenix, Arizona 85016 | 602-285-4424 | james@slaviceklaw.com |

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)    American Family Insurance; XYZ Corporations I-X; ABC Partnerships I-X

(List additional defendants on page two and/or attach a separate sheet)

**EMERGENCY ORDER SOUGHT:** ☐ Temporary Restraining Order   ☐ Provisional Remedy   ☐ OSC

☐ Election Challenge   ☐ Employer Sanction   ☐ Other _____
(Specify)

☐ RULE 8(h) COMPLEX LITIGATION APPLIES. Rule 8(h) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties.

(Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category.)

☐ THIS CASE IS ELIGIBLE FOR THE COMMERCIAL COURT UNDER EXPERIMENTAL RULE 8.1. (Maricopa County only.) Rule 8.1 defines a commercial case and establishes eligibility criteria for the commercial court. Generally, a commercial case primarily involves issues arising from a business contract or business transaction. However, consumer transactions are not eligible. A consumer transaction is one that is primarily for personal, family or household purposes. **Please review Rule 8.1 for a complete list of the criteria.** See http://www.superiorcourt.maricopa.gov/commercial-court/. You must check this box if this is an eligible commercial case. **In addition, mark the appropriate box below in the "Nature of Action" case category.** The words "commercial court assignment requested" must appear in the caption of the original complaint.

## NATURE OF ACTION

(Place an "X" next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**

☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death

**110 TORT NON-MOTOR VEHICLE:**

☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort

☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☐ 116 Other (Specify) _____

**120 MEDICAL MALPRACTICE:**

☐ 121 Physician M.D.   ☐ 123 Hospital
☐ 122 Physician D.O   ☐ 124 Other

Case No._____

## 130 CONTRACTS:

☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☐ 139 Fraud
☒ 134 Other Contract (i.e. Breach of Contract)
☐ 135 Excess Proceeds-Sale
☐ Construction Defects (Residential/Commercial)
    ☐ 136 Six to Nineteen Structures
    ☐ 137 Twenty or More Structures

## 150-199 OTHER CIVIL CASE TYPES:

☐ 156 Eminent Domain/Condemnation
☐ 151 Eviction Actions (Forcible and Special Detainers)
☐ 152 Change of Name
☐ 153 Transcript of Judgment
☐ 154 Foreign Judgment
☐ 158 Quiet Title
☐ 160 Forfeiture
☐ 175 Election Challenge
☐ 179 NCC-Employer Sanction Action
    (A.R.S. §23-212)
☐ 180 Injunction against Workplace Harassment
☐ 181 Injunction against Harassment
☐ 182 Civil Penalty
☐ 186 Water Rights (Not General Stream Adjudication)
☐ 187 Real Property
☐ Special Action against Lower Courts
    (See lower court appeal cover sheet in Maricopa)

☐ 194 Immigration Enforcement Challenge
    (§§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

☐ Administrative Review
    (See lower court appeal cover sheet in Maricopa)
☐ 150 Tax Appeal
    (All other tax matters must be filed in the AZ Tax
    Court)
☐ 155 Declaratory Judgment
☐ 157 Habeas Corpus
☐ 184 Landlord Tenant Dispute- Other
☐ 190 Declaration of Factual Innocence
    (A.R.S. §12-771)
☐ 191 Declaration of Factual Improper Party Status
☐ 193 Vulnerable Adult (A.R.S. §46-451)
☐ 165 Tribal Judgment
☐ 167 Structured Settlement (A.R.S. §12-2901)
☐ 169 Attorney Conservatorships (State Bar)
☐ 170 Unauthorized Practice of Law (State Bar)
☐ 171 Out-of-State Deposition for Foreign Jurisdiction
☐ 172 Secure Attendance of Prisoner
☐ 173 Assurance of Discontinuance
☐ 174 In-State Deposition for Foreign Jurisdiction
☐ 176 Eminent Domain- Light Rail Only
☐ 177 Interpleader- Automobile Only
☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
☐ 183 Employment Dispute- Discrimination
☐ 185 Employment Dispute-Other
☐ 195(a) Amendment of Marriage License
☐ 195(b) Amendment of Birth Certificate
☐ 163 Other _____
                    (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

☐ Antitrust/Trade Regulation
☐ Construction Defect with many parties or structures
☐ Mass Tort
☐ Securities Litigation with many parties
☐ Environmental Toxic Tort with many parties
☐ Class Action Claims
☐ Insurance Coverage Claims arising from the above-listed case types
☐ A Complex Case as defined by Rule 8(h) ARCP

### Additional Plaintiff(s)

_____

_____

### Additional Defendant(s)

_____

_____

©Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED
        Page 2 of 2
        CV10f - 120116

1  Brett L. Slavicek (No. 019306)
2  James E. Fucetola (No. 029332)
   Trevor R. Orme (No. 032261)
3  **THE SLAVICEK LAW FIRM**
   5500 N. 24th Street
4  Phoenix, Arizona 85016
5  Telephone: (602) 285-4425
   Telephone: (602) 285-4424
6  Fax: (602) 287-9184
7  Email: brett@slaviceklaw.com
           james@slaviceklaw.com
8          trevor@slaviceklaw.com
9  Attorneys for Plaintiff

10         **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

11         **IN AND FOR THE COUNTY OF MARICOPA**

12                                           CV 2017-014262

13 TYLER JACOBSON, an individual,      | **Case No.:**

14          Plaintiff,

15 vs.                                  | **JURY DEMAND**

16 AMERICAN FAMILY INSURANCE
   COMPANY, a foreign corporation; XYZ  | (Breach of Contract)
17 Corporations I-X; ABC Partnerships I-X,

18         Defendants.

19

20     Pursuant to Rule 38(b), Arizona Rules of Civil Procedure, Plaintiff demands a trial

21
   by jury of all issues in the above entitled action.
22

23

24

25

26 ....

27 ....

28 ....

COPY
OCT 8 0 2017
MICHAEL K. JEANES, CLERK
A. MCLOONE
DEPUTY CLERK

DATED this _____ day of October, 2017.

**THE SLAVICEK LAW FIRM**

By_____
Brett L. Slavicek
James E. Fucetola
Trevor R. Orme
5500 N. 24th Street
Phoenix, Arizona  85016
Attorneys for Plaintiff
