WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tyler Jacobson, et al., | No. CV-17-04373-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| American Family Insurance Company, et al., | |
| Defendants. | |

**I.  Background**

Before the Court are Defendant American Family Insurance Company's Motion for Summary Judgment (Doc. 48) and Plaintiffs Cathy, William and Tyler Jacobson's Cross-Motion for Summary Judgment (Doc. 50). The Court adjudicated some of the issues in those Motions in its January 31, 2020 Order. (Doc. 65.) The Court relies on the factual recitation contained in that Order.

For the reasons expressed herein, the Court grants American Family summary judgment on the negligence claims and denies the cross-motions for summary judgment on the breach of contract claims of Cathy, William and Tyler Jacobson; the prior grant of summary judgment for Cathy Jacobson is vacated.

**II.  Legal Analysis**

    **A.  Legal Standard on a Motion for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary

judgment. The Court may grant summary judgment when the movant shows that (1) there are no genuine issues of material fact; and (2) when the evidence is viewed in the light most favorable to the non-moving party, the movant is entitled to a favorable judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). Material facts are those which might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of fact does not arise solely from allegations in pleadings; the non-moving party also has to produce affirmative evidence to rebut the moving party's motion. *Id.* at 257. When deciding a defendant's motion for summary judgment, the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff" in order to deny a defendant's motion. *Id.* at 252.

### B. Negligence

Plaintiffs initially certified that they needed to provide an expert opinion affidavit to establish the insurance agent's liability. (Doc. 22-1 at 32.) The Plaintiffs argue, however, that the affidavit was no longer necessary after dropping the insurance agent and agency from the lawsuit and pursuing the negligence claim against American Family under a vicarious liability theory. This Court rejected that argument, finding that the preliminary expert report requirement of A.R.S. § 12-2602 applies. (Doc. 71.)

Section 12-2602(F) states that the Court shall dismiss a case, without prejudice, when a plaintiff does not produce an expert opinion affidavit after a plaintiff has certified that one is required. Additionally, § 12-2602(C) allows an application for extension of time for compliance with the requirement under certain circumstances. Neither party has timely availed itself to the rights and remedies provided under the statute. Additionally, the Court cannot ignore that the statute seems to contemplate that this affidavit requirement will be addressed at an early stage of the case. *See* A.R.S. § 12-2602(B) ("the claimant shall serve [the] affidavit with initial disclosures. . . .").

More than two years have passed since the initial filing of this case in state court.

(Doc. 1-1 at 13.) Thus, the lack of an expert opinion affidavit at this point of the case is no longer a matter of gatekeeping. Rather, it shows a fundamental obstacle to proceeding with a negligence trial: the lack of evidence to establish the insurance agent, Ms. Melody's, duty vis-à-vis the Jacobsons, which is a lack of proof as to an essential element of the claim. Without the expert opinion, no reasonable juror could find in favor of the Jacobsons on the negligence claim. Thus, the Court interprets American Family's argument concerning the lack of an expert opinion affidavit (Doc. 55 at 9-12) as a motion for summary judgment on Plaintiffs' negligence claim, based on Plaintiffs' failure to disclose a standard of care expert, and grants the Motion.

### C. Breach of Contract

In its January 31, 2020 Order (Doc. 65), this Court granted Cathy Jacobson summary judgment with respect to her breach of contract claim, altering the policy for her purposes to meet what the Court found to be Ms. Jacobson's reasonable expectations. Defendant argued in supplemental briefing (Doc. 72) and at oral argument (Doc. 71) that "[w]hether or not Cathy's expectation of coverage was reasonable under the circumstances relied on by the Court is a question for the finder of fact." (Doc. 72 at 5.) Plaintiffs countered by arguing that, under these circumstances, the scenarios in which a court will apply the reasonable expectations doctrine, as outlined in *Gordinier v. Aetna Cas. & Sur. Co.*, 742 P.2d 277, 283-84 (Ariz. 1987), are applicable. (Doc. 74 at 8-11.) Defendant points to contravening evidence in the record, including the inferences to be drawn from Ms. Jacobson's asking for a full coverage quote for Tyler Jacobson's motorcycle. (Doc. 75 at 4.)

After reviewing the parties' supplemental briefing, the Court is now persuaded that while the actual terms of the policy are undisputed, a jury should decide whether the policy should be reformed to be consistent with Cathy Jacobson's alleged reasonable expectations.[1] *See Taylor v. State Farm Mut. Auto. Ins. Co.*, 854 P.2d 1134, 1145 (Ariz.

---

[1] This decision, which rests on the current record and the legal standard for a motion for summary judgment, is without prejudice to Plaintiffs' moving for a directed verdict at the close of evidence at trial.

- 3 -

1993) ("because the extrinsic evidence established controversy over what occurred and what inferences to draw from the events, the matter was properly submitted to the jury."). Any derivative claim for benefits for William and Tyler Jacobson would have to stem from a revision of the policy consistent with Ms. Jacobson's alleged reasonable expectations.

All three Jacobson's breach of contract claims shall be tried to a jury.

### III. Conclusion

Accordingly,

**IT IS ORDERED** granting summary judgment to Defendant on the issue of negligence, as raised in Doc. 55.

**IT IS FURTHER ORDERED** otherwise denying both Motions for Summary Judgment. (Docs. 48 and 50.) All three Plaintiffs' breach of contract claims shall be tried to a jury.[2] This Court's January 31, 2020 Order (Doc. 65) is amended to the extent that it is inconsistent with this Order.

**IT IS FURTHER ORDERED** setting an in-person trial-setting conference for Tuesday, March 10, 2020, at 2:00 P.M., in Courtroom 504, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003-2151. The parties shall be prepared to discuss a proposed length of trial and potential trial dates.

Dated this 26th day of February, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

---

[2] As stated in the January 31, 2020 Order, the issue of bad faith shall also be tried to the jury. The issue of punitive damages (*see* Doc. 10 at 11, ¶ 3) shall also be tried to the jury.