**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tyler Jacobson, et al., | No. CV-17-04373-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| American Family Insurance Company, et al., | |
| Defendants. | |

Before the Court is American Family Insurance Company's ("American Family") Motion in Limine. (Doc. 85.) American Family seeks to exclude the definition of "relative" contained in automobile insurance policies written by other insurers. These extrinsic policies define the term "relative" differently than the policy sold to the Jacobsons. The Motion is denied, but the Court will permit a limiting jury instruction.

The standard for relevance under Rule 401, Federal Rules of Evidence, is whether the evidence has "any tendency to make a fact [of consequence in determining the action] more or less probable than it would be without the evidence . . . ." American Family contends that the policies are irrelevant and should be excluded because (1) they were not written by American Family and (2) the policy term at issue in this case has been previously upheld by the Arizona Court of Appeals. American Family further challenges the extrinsic policy definitions under Rule 403, Federal Rules of Evidence, arguing that their probative value is substantially outweighed by the risk of unfair prejudice, confusing the issues, and misleading the jury.

The Jacobsons argue that the non-American Family policies represent how the term "relative" is defined as a matter of industry practice. They also assert that the evidence tends to make more probable Ms. Jacobson's reasonable expectation that her son was covered under the American Family policy. (Doc. 92 at 3.)

The Court agrees with the Jacobsons that their reason for admitting this evidence satisfies the Rule 401 standard. The evidence American Family seeks to exclude is probative of two aspects of the reasonable expectations doctrine: whether American Family failed to provide "full and adequate notice of the term in question, and the provision is either unusual or unexpected, or one that emasculates apparent coverage" and the extent of the insurance agent's duty to disclaim coverage to prevent "induc[ing] the insured to reasonably believe coverage exists . . . ." *Gordinier v. Aetna Cas. & Sur. Co.*, 742 P.2d 277, 284 (1987).

Further, the Court is satisfied that a limiting instruction pursuant to Rule 105 of the Federal Rules of Evidence can mitigate the danger of unfair prejudice, confusing the issues or misleading the jury. A limiting instruction should direct the jury away from reformulating the American Family policy definition of "relative" in such a way that adopts the extrinsic policy terms.

Accordingly,

**IT IS ORDERED denying** American Family's Motion (Doc. 85).

**IT IS FURTHER ORDERED** that the parties may propose a limiting instruction that (1) focuses the jurors' attention on Ms. Jacobson's reasonable expectations and (2) prohibits them from using this evidence to reformulate the insurance contract at issue in this case. If the parties are unable to agree on a limiting instruction, they may submit separate proposals for the Court's consideration. Any such proposed jury instruction(s) shall be submitted with the material accompanying the Joint Proposed Pretrial Order.

Dated this 2nd day of July, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge